# $120.00

Tina L. Morin, Esq.
POORE, ROTH & ROBINSON, P.C.
1341 Harrison Avenue
P. O. Box 2000
Butte, MT 59702
(406) 497-1200
(406) 782-0043 (Fax)

Atrorneys for Plaintiff

FILED
BUTTE, MT
05 DEC 13 AM 9 49
PATRICK E. DUFFY, CLERK
BY_____
DEPUTY CLERK

**FILED**

OCT 2 6 2005

LORI MALONEY, CLERK
By_____
Deputy Clerk

KURT KRUEGER
Judge, Dept. 1

## MONTANA SECOND JUDICIAL DISTRICT COURT

## SILVER BOW COUNTY

_____

ROB CARLSON,

    Plaintiff,

    v.

FEDEX GROUND PACKAGE SYSTEM,
INC., and FEDEX GROUND PACKAGE
SYSTEM, INC., d/b/a FEDEX HOME
DELIVERY,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV-05-85-BU-SEH

Cause No. DV-05-271

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

### I. **INTRODUCTION**

1.     This is an action brought by a current delivery driver of Fedex Ground

Package System, Inc. or Fedex Home Delivery (collectively Defendants or Fedex

Ground) for Defendants unlawful misclassification of drivers as independent contractors

1.     **COMPLAINT AND DEMAND FOR JURY**

\\prrprolaw\Prolaw Documents\2783-11983\67797.doc

1

instead of employees. The above-named Plaintiff brings this action as a delivery driver for Fedex Ground in the state of Montana for Defendants' statutory and common law violations that stem from this misclassification.

## II. PARTIES

2.      Plaintiff Rob Carlson is an adult resident of Butte, Montana. Plaintiff Rob Carlson has worked as a Fedex Ground driver since 1992.

3.      Defendant Fedex Group Package System, Inc., together with its division Fedex Ground Package System, Inc., d/b/a Fedex Home Delivery, is a Delaware corporation with its principle place of business in Pittsburgh, Pennsylvania. At all time relevant, Fedex Ground, an affiliate of Fedex Corporation, engaged in transportation and delivery services in Montana.

## III. JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendants herein in that each entity, individually or through employee(s), representative(s) and/or agent(s) of the named entities, conducted business within this State and/or committed acts which resulted in the accrual of a tort action within this State.

5.      Venue is proper in this Court because Defendants have violated the laws of the state of Montana within Montana, have obligated themselves to the Plaintiff within Montana, and have specifically chosen to maintain a corporate presence within and substantial contacts with the state of Montana.

2.      **COMPLAINT AND DEMAND FOR JURY**

\\prrprolaw\Prolaw Documents\2783-11983\67797.doc

## IV. STATEMENT OF FACTS

6.      Fedex Ground, as an affiliate of Fedex Corporation, employs over 30 drivers in Montana to pick up and deliver packages to customers of the Defendants.

7.      As a condition of employment, the Defendants require every driver to sign a Pickup & Delivery Standard Contractor Operating Agreement, together with several Addendums, collectively referred to as the "Agreement." The Agreement is a form contract establishing the terms and conditions of employment of Fedex Ground Drivers.

8.      At all material time, Plaintiff was individually a party to the Agreement with Fedex Ground described above in the preceding paragraph.

9.      Plaintiff was not able to negotiate for different terms and conditions from those appearing in the form agreement provided by the Defendant. For example, the Defendants unilaterally set the compensation to be paid the drivers and unilaterally adjust the amount of compensation.

10.     Although the Agreement labels the drivers as independent contractors, the behavioral and financial control manifested over the drivers by the Defendants demonstrates that the drivers are employees rather than independent contractors. Such control includes, but is not limited to, the following matters:

   a)      Defendants employ supervisors and managers who have supervisory responsibility over the drivers and assign and direct their work. The supervisors and managers' pay is determined by the performance of the drivers. These supervisors and managers work in the terminals where the

3.      COMPLAINT AND DEMAND FOR JURY

drivers report to retrieve the packages that they deliver for the Defendants' customers furtherance of the Defendants' business operations.

b)      The drivers are required to comply with the Defendants' instructions in terms of written and unwritten policies, procedures, and directives appearing in the Agreement and unilaterally promulgated by the Defendants from time to time regarding the completion of the drivers' duties. Drivers suffer financial penalties and/or disciplinary actions for failure to comply with such policies, procedures, and directives.

c)      Upon starting to work for the Defendants, the drivers receive training in the Defendants' policies and procedures, in the documentation the Defendants require of drivers, and in the technology the Defendants mandate the drivers to use in the performance of their work for the Defendants.

d)      The drivers are required to purchase the vehicle they use in working for the Defendants and to purchase the uniforms they wear in performing said work. The drivers purchase the vehicles provided by Defendants and are not allowed to sue any other vehicle. The Defendants also require that the drivers adorn their vehicles and uniforms with the Defendants' logo and effectively prohibit the drivers from using their vehicles or uniforms for other business while so adorned. The nature of the relationship between the Defendants and the drivers prevents the drivers from using their privately owned vehicles and uniforms to offer services to the general public.

4.      **COMPLAINT AND DEMAND FOR JURY**

e)      In addition to paying the drivers for each package picked upon and/or delivered, the Agreement provides that the Defendants will pay the drivers a set amount for each day that the driver provides services to the Defendants as well as a premium for the drivers' time when the drivers' route contains a small amount of package deliveries.  Such payments are made to the drivers each week.  Thus, their pay basis is not simply by the job but by the time spent working.

f)      Although the Agreement purports to give the drivers proprietary control over their routes, the Defendants change the drivers' routes from time to time at Defendants' leisure without the drivers' permission and prohibit the drivers from selling their routes or having other individuals perform in their place without the express approval of the Defendants.

g)      The Defendants exert a high degree of control over the drivers' work.  For example, they have begun installing electronic devices in the drivers' vehicles, enabling the Defendants to track the drivers' whereabouts at all times while working.

11.     Although the Agreement labels the drivers as independent contractors, the type of relationship between the Defendants and the drivers demonstrates that the drivers are employees rather than independent contractors.  Factors showing an employment relationship include, but are not limited to, the following:

a)      The work of the drivers in picking up and delivering packages for the Defendants' customers is completely integrated into the business of the

5.      **COMPLAINT AND DEMAND FOR JURY**

Defendants such that the Defendants' business depends significantly on the performance of the services that the drivers perform.

b)      Although the drivers are required to purchase or lease the vehicles they use in working for the Defendants, and to purchase the uniforms they wear in performing said work, the Defendants require that the drivers adorn their vehicles and uniforms with the Defendants' logo and effectively prohibit the drivers from using their vehicles or uniforms for other business while so adorned.  Such requirement prevents the drivers from using their vehicles and uniforms to offer services for other, similar businesses.

c)      Although the Agreement purports to give the drivers proprietary control over their routes, the Defendants exert a high degree of control over the drivers' ability to sell their routes or have other individuals perform in their place.  Such sales and substitutions require the express prior approval of the Defendants, making the services of a type that must be rendered personally by drivers who have effectively been hired by the Defendants.

d)      The Defendants prevent the drivers from choosing when and how much they care to work for the Defendants, instead requiring the drivers to work a minimum number of hours and shifts and prohibiting the drivers from refusing work, such as picking up certain packages.

e)      Many drivers have continued their relationship as drivers for the Defendants exclusively over many years.

6.     COMPLAINT AND DEMAND FOR JURY

12.     The Defendants, per the Agreement, require the drivers to pay the Defendants' operating expenses, including but not limited to:

a)      Costs relating to the purchase and operation of vehicles to perform work for the Defendants and to maintain and repair such vehicles.

b)      Costs relating to the purchase of insurance, including vehicle insurance and work accident insurance.

c)      Costs relating to the purchase of uniforms adhering to the Defendants' precise specifications.

d)      The share of federal employment taxes for which employers are liable.

e)      Other costs normally associated with the operation of a business and included in the Defendants' business support package, such as maps, logos and signs, training, modems, and scanners.

13.     By retaining behavioral and financial control over the drivers despite the express language to the contrary in the Agreement, the Defendants have committed a widespread and systemic breach of the terms of said Agreement.

14.     By retaining behavioral and financial control over the drivers despite the express language to the contrary in the Agreement, the Defendants have misrepresented to the drivers that they are independent contractors (and thus entrepreneurs with the ability to independently manage and grow their businesses), when in fact they are employees (and thus entitled to a variety of legal benefits that inure from the employment relationship).

7.      **COMPLAINT AND DEMAND FOR JURY**

\\prrprolaw\Prolaw Documents\2783-11983\67797.doc

15.     The Defendants do not contribute to workers' compensation and unemployment insurance programs and do not allow drivers to apply or qualify for workers' compensation or unemployment benefits.

16.     The fair value of the services performed by the drivers exceeds the amount of pay received by the drivers for the work they perform, as compared to drivers performing substantially the same work for other similar businesses and for Defendant FedEx Corporation's other affiliated companies.

17.     In the case of Estrada et al. v. FedEx Ground, the Superior Court of California for the County of Los Angeles has held that certain FedEx Ground drivers in the State of California are employees and not independent contractors.  Case No. BC 210130 (July 26, 2004).

18.     In the matter of FedEx Ground Package System, Inc. and Local 177, Int'l Bhd. of Teamsters, AFL-CIO, the Regional Director for Region 22 of the National Labor Relations Board held that employees working under the Agreement in the Fairfield, New Jersey, terminals are employees and not independent contractors.

19.     Under the rules established by the Internal Revenue Service (IRS) regarding classification of employees and independent contractors, FedEx Ground drivers are employees.  Defendants are in breach of a 1995 agreement reached between their predecessor company, Roadway Package System, Inc. (RPS), and the IRS regarding this classification issue.

8.     **COMPLAINT AND DEMAND FOR JURY**

\\prrprolaw\Prolaw Documents\2783-11983\67797.doc

20.     Despite their knowledge that they have improperly classified the drivers as independent contractors instead of employees, the Defendants have willfully continued to misclassify the drivers as independent contractors.

21.     Attached as Exhibit A and incorporated into this Complaint is ruling from the Department of Labor for the state of Montana in which the Department of Labor conclusively ruled and determined that FedEx Ground drivers such as Plaintiff Rob Carlson are in fact employees and not independent contractors.

## COUNT 1

### Declaratory Judgment

Under the relevant laws of the United States and of Montana, Defendants have misclassified Plaintiff as an independent contractor rather than as an employee.  Pursuant to the Montana Department of Labor's ruling, attached as Exhibit A, this Court should issue a declaratory judgment establishing that the Plaintiff is an employee of Defendants and that the Plaintiff is therefore entitled to all the rights and benefits of employment pursuant to the laws of the United States and of Montana.

## COUNT II

### Violation of Montana Independent Contractor Law

By misclassifying Plaintiff as an independent contractor instead of an employee, Defendants have violated Montana's laws regarding independent contractors.

9.     **COMPLAINT AND DEMAND FOR JURY**

## COUNT III

### Violation of Montana Wage law

By such conduct in forcing the Plaintiff to bear costs incident to the Defendants' business operations, the Defendants also violated Montana Wages and Wage Protection laws by unlawfully requiring Plaintiff to pay improper set-offs against his wages.  This claim is brought pursuant to MCA, §§ 39-3-201through 39-2-217 and MCA, §§ 39-3-401 through 39-3-410.

## COUNT IV

### Breach of Contract

Defendants have breached their written contracts with Plaintiff in which they made express representations concerning the parties' rights and duties which proved untrue, to Plaintiff's detriment, in violation of the common law of Montana.  The contract signed by Plaintiff is a contract of adhesion in that it was drafted solely by Defendants and offered to Plaintiff on a take-it-or-leave-it basis.

## COUNT V

### Misrepresentation

Defendants have committed intentional and/or negligent misrepresentation in their representations concerning the parties' rights and duties, in particular in misrepresenting to the drivers that they are independent contractors rather than employees, in violation of the common law of Montana.

10.    COMPLAINT AND DEMAND FOR JURY

\\prrprolaw\Prolaw Documents\2783-11983\67797.doc

## COUNT VI

## Unjust Enrichment

As a result of Defendants' conduct in misclassifying Plaintiff as an independent contractor, the Defendants have forced Plaintiff to bear the normal costs and incidents of the Defendants' business and have thus unjustly enriched themselves to the detriment of Plaintiff in violation of the common law of Montana.

## COUNT VII

## Conversion

By such conduct in forcing the Plaintiff to bear costs incident to the Defendants' business operations, the Defendants also converted the property of the Plaintiff to the Defendants' own use in violation of the common law of Montana.

## COUNT VIII

## Promissory Estoppel

As a result of the misrepresentation of Defendants that Plaintiff would be an independent contractor, the Plaintiff was estopped from and forewent other employment and business opportunities in reliance on the promise of entrepreneurship inherent in the independent contractor relationship offered by Defendants and, as such, Defendants have violated the common law of Montana.

## COUNT IX

## Quantum Meruit

Plaintiff has been deprived by the Defendants of the fair value of his services and is thus entitled to recovery in *quantum meruit* pursuant to the common law of Montana.

11.     **COMPLAINT AND DEMAND FOR JURY**

## COUNT X

### Injunctive Relief

As the Defendants have at all times continued to misclassify Plaintiff as an independent contractor despite retaining control over him as an employee, the Plaintiff seeks permanent injunctive relief enjoining Defendants from practicing the unlawful practices alleged herein.

## COUNT XI

### Fraud or Deceit

Defendants committed fraud and/or deceit upon Plaintiff by inducing Plaintiff through representations that Plaintiff would be an independent contractor to enter into the Agreement.

Plaintiff detrimentally relied on Defendants' representations that Plaintiff would in fact be an independent contractor.

As a result of the fraud and/or deceit committed by Defendants, Plaintiff suffered substantial damages.

## COUNT XII

### Intentional and/or Negligent Misrepresentation

Plaintiff was hired by FedEx Ground to work as an independent contractor pursuant to the terms of the Agreement. In fact, FedEx Ground was aware, or should have been aware, at all time that the independent contractor status was improper and that, in fact, Plaintiff was an employee entitled to all of the benefits and protections of the law as an employee. Plaintiff was informed and believed that FedEx Ground intentionally

12.   **COMPLAINT AND DEMAND FOR JURY**

\\prprolaw\Prolaw Documents\2783-11983\67797.doc

misled Plaintiff as to his employment status or made such representations to Plaintiff recklessly and/or negligently for the purpose of realizing unjust profits from Plaintiff's work.

At all material times, FedEx either knew or should have known that the representations made to Plaintiff concerning his employment status and Plaintiff's corresponding obligation to assume responsibility for all of his own employment related expenses were false, fraudulent, and/or deceitful.

At all material time, Plaintiff justifiably relied to his detriment on the false, fraudulent, and/or deceitful representations made to him by FedEx Ground concerning his employment status and obligation to assume responsibility for all of his own employment related expenses and suffered damage as a direct and proximate result.

By its aforesaid conduct, FedEx Ground is guilty of oppression, fraud, deceit, and malice in violating Plaintiff's rights and protections guaranteed by the law.

## JURY DEMAND

Plaintiff requests a trial by jury on his claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1.     A declaratory judgment that Plaintiff's and other similarly situated persons are employees and not independent contractors of FedEx Ground.

13.     **COMPLAINT AND DEMAND FOR JURY**

\\prrprolaw\Prolaw Documents\2783-11983\67797.doc

2.    Disgorgement of profits unjustly retained by Defendants as a result of their unlawful practice of misclassifying Plaintiff and other similarly situated persons as independent contractors.

3.    All damages to which Plaintiff may be entitled.

4.    Any other relief to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED this 26th day of October, 2005.


POORE, ROTH & ROBINSON, P.C.


By_____
          Tina L. Morin
          Attorneys for the Plaintiff
          1341 Harrison Avenue
          P.O. Box 2000
          Butte, Montana  59702


**14.    COMPLAINT AND DEMAND FOR JURY**

ISSUED
1-8-05

## MONTANA SECOND JUDICIAL DISTRICT COURT
## SILVER BOW COUNTY

ROB CARLSON,                                    )
                                                )
        Plaintiff,                              )      CV-05-85-BU-SEH
                                                )
                                                )      Cause No. DV-05-271
        v.                                      )
                                                )      Hon. Kurt Krueger
FEDEX GROUND PACKAGE SYSTEM, INC.,              )
and FEDEX GROUND PACKAGE SYSTEM,                )      **SUMMONS**
INC., d/b/a FEDEX HOME DELIVERY,                )
                                                )
        Defendants.                             )
                                                )
                                                )

## THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS

You are hereby summoned to answer the Complaint in this action, which is filed in the office of the Clerk of this Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in this Complaint.

WITNESS my hand and the seal of said Court this 8th day of November, 2005.

Lori Maloney,
 Clerk of District Court

By _____

Tina L. Morin, Esq.
POORE, ROTH & ROBINSON, P.C.
1341 Harrison Avenue
P. O. Box 2000
Butte, MT 59702
(406) 497-1200
(406) 782-0043 (Fax)
  *Attorneys for Plaintiff*

I.      **SUMMONS**

\\prrprolaw\ProLaw Documents\2783-11983\79827.doc